**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4372

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REGINALD CUTTINO MELVIN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-02-201-1)

Submitted:  July 15, 2005          Decided:  August 9, 2005

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated and remanded by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Reginald Cuttino Melvin appeals a fifty-seven month sentence imposed following his guilty plea to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000).

In determining the sentencing range under the Sentencing Guidelines,* the probation officer determined that Melvin's base offense level was fourteen pursuant to USSG § 2K2.1(a)(6). This offense level was enhanced by two levels pursuant to USSG § 3C1.1, based upon Melvin's obstruction of justice by failing to completely disclose financial information to the probation officer. As a result of this failure, Melvin was also denied a reduction in offense level for acceptance of responsibility. Melvin's prior convictions and the fact that he committed the instant offenses while he was on probation from a previous conviction resulted in a total of fifteen criminal history points, placing him in criminal history category VI. Melvin's offense level of sixteen and criminal history category of VI resulted in a sentencing range of forty-six to fifty-seven months of imprisonment.

On appeal, Melvin asserts that his sentence violates the Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004). He contends that the obstruction of justice enhancement of

---

*U.S. Sentencing Guidelines Manual (2001) ("USSG").

his offense level violated the Sixth Amendment because it was not charged in the indictment, found by a jury, or admitted by Melvin. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied the rationale of Blakely to the federal sentencing guidelines and held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court).

Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), this court held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, admitted by the defendant), constitutes plain error. That error affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-56. We directed sentencing courts to calculate the appropriate guideline range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a)

- 3 -

(West 2000 & Supp. 2005), and impose a sentence. If the district court imposes a sentence outside the guideline range, the court should state its reasons for doing so. Id. at 546.

Because Melvin withdrew his objections to the sentencing range of forty-six to fifty-seven months of imprisonment set forth in the presentence report ("PSR") and adopted by the district court, we review the district court's guideline calculation for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); Hughes, 401 F.3d at 547. Under the plain error standard, Melvin must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736. (internal quotation marks omitted).

The obstruction of justice enhancement was based upon Melvin's failure to completely disclose his financial assets to the probation officer during preparation of the PSR. Melvin does not contest the accuracy of the facts supporting the enhancement, but merely argues it was improperly applied in his case. The facts supporting the enhancement were not charged in the indictment, discussed at the plea hearing, or admitted by Melvin. If this enhancement were removed, Melvin's total offense level would be fourteen, and his sentencing range would be thirty-seven to

- 4 -

forty-six months. Because the fifty-seven-month sentence imposed does not fall within the guideline range calculated without the two-level enhancement, we conclude that Melvin's sentence constitutes plain error that affects his substantial rights and requires resentencing pursuant to Booker and Hughes.

Melvin also asserts that his Sixth Amendment rights were violated in the computation of his criminal history category. He argues that the factual findings required to determine whether particular convictions are countable and how many points are assessed involve more than the mere fact of a prior conviction and therefore are subject to the requirements of Blakely, essentially arguing that the prior conviction exception laid out in Almendarez-Torres v. United States, 523 U.S. 224 (1998), may no longer be good law. This argument is foreclosed by the Supreme Court's reaffirmation of the Almendarez-Torres prior conviction exception in Booker. See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). While Justice Thomas's concurrence in Shepard v. United States, 125 S. Ct. 1254, 1263-64 (2005), expressed doubt about the future viability of the exception, the exception is still good law.

Nor does the application of the prior conviction exception to Melvin raise any of the problems outlined in <u>Shepard</u>. In <u>Shepard</u>, the Supreme Court instructed that Sixth Amendment protections apply to disputed facts about a prior conviction. <u>Id.</u> at 1262-63. Because no facts related to Melvin's prior convictions were disputed, the district judge's determination of Melvin's criminal history did not violate the Sixth Amendment. <u>Cf.</u> <u>United States v. Washington</u>, 404 F.3d 834, 843 (4th Cir. 2005) (finding that district court's reliance on disputed facts about the defendant's prior conviction violated the defendant's Sixth Amendment right to trial by jury).

Melvin also asserts that counsel was ineffective in failing to object to the obstruction of justice enhancement and the district court's failure to make the required factual findings to support the imposition of a fine. An allegation of ineffective assistance should not proceed on direct appeal unless it appears conclusively from the record that counsel's performance was ineffective. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999). Our review of the record leads us to conclude that deficient performance is not conclusively apparent from the record. We therefore decline to consider Melvin's allegations of ineffective assistance of counsel, which he may assert in a motion pursuant to 28 U.S.C. § 2255 (2000).

We accordingly affirm Melvin's conviction, but vacate his sentence and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED AND REMANDED</u>