**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4108

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REGINALD CUTTINO MELVIN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
District Judge.  (1:02-cr-00201-NCT)

Submitted:  July 22, 2008          Decided:  August 5, 2008

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Scott L. Wilkinson, SCOTT L. WILKINSON & ASSOCIATES, PC, Raleigh,
North Carolina, for Appellant.  Anna Mills Wagoner, United States
Attorney, Lisa B. Boggs, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Cuttino Melvin pleaded guilty, pursuant to a plea agreement, to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). The district court sentenced him to fifty-seven months of imprisonment, three years of supervised release, a $25,000 fine, and a $100 special assessment. In Melvin's first appeal, we affirmed his conviction but vacated his sentence and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). United States v. Melvin, 142 F. App'x 732 (4th Cir. 2005) (No. 04-4372).

On remand, the district court departed upward and sentenced Melvin to sixty-one months of imprisonment, three years of supervised release, a $25,000 fine, and a $100 special assessment. On appeal, Melvin argues that the court erred in imposing the fine because the presentence report lacked any current information regarding his financial situation, and the district court failed to make adequate findings with respect to the factors in 18 U.S.C. § 3572(a) (2000). The Government argues that the fine should be affirmed.

We review "de novo the adequacy of factual findings to support a fine and accept the district court's findings unless they are clearly erroneous." United States v. Linney, 134 F.3d 274, 281

(4th Cir. 1998).  The Guidelines provide that a district court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S. Sentencing Guidelines Manual ("USSG") § 5E1.2(a) (2001).  A district court must consider several factors in determining whether to impose a fine, including (among other factors) a defendant's earning capacity and financial resources, the burden that the fine would place on a defendant or his dependents, and the anticipated costs of incarceration and supervised release.  18 U.S.C. § 3572(a); USSG § 5E1.2(d).  "'A district court may satisfy these requirements if it adopts a defendant's [PSR] that contains adequate factual findings to allow effective appellate review.'" United States v. Aramony, 166 F.3d 655, 665 (4th Cir. 1999) (quoting United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995)).  "Otherwise, the district court must set forth specifically its findings of fact on the factors set forth in 18 U.S.C. § 3572(a)." Id.

Our review of the record leads us to conclude that the district court's findings were accurate and adequate to support the imposition of the fine.  Accordingly, we affirm Melvin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -